IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Armando Contreras,<br><br>    Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-19-04540-PHX-DLR(MTM)<br><br>**ORDER** |

    Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Michel T. Morrissey (Doc. 15) regarding Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1).  The R&R recommends that the Petition be denied and dismissed with prejudice and that a Certificate of Appealability and leave to proceed in forma pauperis on appeal be denied.  The magistrate judge advised the parties that they had fourteen days from the date of service of a copy of the R&R to file specific written objections with the Court. (Doc. 15 at 7-8.)  Petitioner filed objections to the R&R on July 6, 2020, (Doc. 16), and Respondents filed their response on July 20, 2020.  (Doc. 17.)[1]

    The Court has considered Petitioner's objections and reviewed the Report and Recommendation de novo.  *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).  The Court finds that the magistrate judge correctly determined that the Petition was timely filed within

---

[1] Petitioner additionally filed an unpermitted reply on August 10, 2020.  (Doc. 18.)

the one-year limitation period of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The Court further finds that the magistrate judge correctly found that Petitioner's claims are procedurally defaulted. Particularly, Petitioner did not afford the state courts the opportunity to rule upon the merits of her federal claims, neglecting to "fairly present" them to the state's "highest" court in a procedurally appropriate manner. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).[2]

Grounds one, three, and four assert trial errors that should have been raised on direct appeal, not in a petition for postconviction relief. *State v. Swoopes*, 166 P.3d 945, 957 (Ariz. Ct. App. 2007). After Petitioner's counsel on direct appeal filed an *Anders* brief, the Arizona Court of Appeals gave Petitioner a deadline to file a supplemental brief. However, Petitioner neglected to file a supplemental brief, thereby foregoing her opportunity to exhaust her state remedies. On October 17, 2017, the Arizona Court of Appeals affirmed her conviction and sentence. Although she filed a substantive Petition for Review with the Arizona Supreme Court on February 7, 2018, that petition did not satisfy the exhaustion requirement, because review by the Arizona Supreme Court is discretionary. *Sublett*, 196 F.3d at 1010.

Ground two, a claim for ineffective assistance of counsel, could not have been raised on direct appeal but could have been raised in a Petition for Post-Conviction Relief ("PCR") with the state trial court. Petitioner filed a Notice of PCR raising the second claim on July 30, 2019 in state court. However, the PCR was procedurally defaulted when the PCR court dismissed it as untimely—by more than ten months—and as "facially non-meritorious" on August 20, 2019. Because this PCR was procedurally defaulted and because claims one, two and three assert trial errors that could have been—but were not—raised on direct appeal, Petitioner's Petition is procedurally defaulted.

Petitioner argues in her objection that, because she did not receive mail from June 30, 2018 until July 1, 2019, she was prevented from exhausting her state remedies. She

---

[2] In non-capital cases, claims are considered exhausted after the Arizona Court of Appeals considers a state prisoner's claims. *Swoopes v. Sublett,* 196 F.3d 1009, 1010 (9th Cir. 1999).

also argues that she could not properly address legal matters because of the extraordinary circumstances of her daily survival. Namely, ADCRRR insolated and confined Petitioner—a woman in an all-male prison—in the Special Management Unit ("SMU") in from June 30, 2018 until July 1, 2019, during which time she could not access her legal materials or mail. Petitioner argues that the Court should forgive her failure to exhaust state remedies because of these circumstances.

Grounds one, three and four were defaulted because of Petitioner's failure to file a supplemental brief with the Arizona Court of Appeals by the July 11, 2017 deadline in accordance with state procedural rules. (Doc. 12-1 at 46-47.) Petitioner's time in the SMU endured from June 30, 2018 until July 1, 2019, nearly a year after she missed the supplemental brief deadline. Petitioner's experience in the SMU, though undoubtedly harrowing, could not have prevented her from filing a timely supplemental brief in 2017. Next, ground two was raised in an untimely PCR dated July 30, 2019. (Doc. 12-1, at 52-54.) Petitioner filed that PCR more than a month after filing her Petition for Habeas Corpus on June 21, 2019. However, in her PCR form, Petitioner did not assert that her time in the SMU caused the untimely filing, even though the form specifically asked for an explanation of untimely filings. On the contrary, in her Petition reply, Petitioner gave an entirely different explanation for the delay: it was her attorney's fault.[3] Federal courts will not review procedurally defaulted claims unless the habeas applicant is able to demonstrate cause and prejudice for the procedural default. *Dretke v. Haley,* 541 U.S. 386, 392 (2004). Petitioner has shown neither cause nor prejudice. There is therefore no basis to excuse her state procedural default.

Finally, Petitioner argues that the state has waived jurisdiction. The Court understands Petitioner's argument to be that, because the state trial court found her PCR untimely and because the Court of Appeals found that she had not filed a timely appeal, those courts lacked jurisdiction to rule on the attacks on her judgment. That the state courts

---

[3] In her reply declaration, Petitioner states, "my appellate attorney told me that he would file my notice of post-conviction relief petition . . . He never sent me the notice form and I ended up filing an untimely notice… [it] was not my fault." (Doc. 13 at 9.)

- 3 -

lacked lacked jurisdiction to grant the relief she requested because of her untimely filings does deprive them of jurisdiction to enter or affirm judgment against her after she was found guilty and sentenced. Her jurisdictional arguments are without merit.

**IT IS ORDERED** that Petitioner's Objections to the R&R (Doc. 16) are **OVERRULED**.

**IT IS ORDERED** that the R&R (Doc.15) is **ACCEPTED**.

**IT IS ORDERED** that Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DISMISSED** with prejudice.

**IT IS ORDERED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable and Petitioner has not made a substantial showing of the denial of a constitutional right.

The Clerk of the Court shall enter judgment denying and dismissing Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) with prejudice and shall terminate this action.

Dated this 14th day of August, 2020.

Douglas L. Rayes
United States District Judge